## UNITED STATES DISTRICT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DISTRICT

| | |
|---|---|
| ST. LOUIS COUNTRY CLUB, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| SYZYGY GLOBAL, INC., | ) ) Case No.: |
| **Serve:** United States Corporation Agents, Inc. 5575 S. Semoran Blvd., Suite 36 Orlando, FL 32822 | ) ) ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW Plaintiff St. Louis Country Club, by and through counsel, and for its Complaint, states:

## PARTIES TO THIS ACTION

1. Plaintiff St. Louis Country Club, ("**Plaintiff**") is a Missouri nonprofit corporation with its principal place of business at 400 Barnes Road, St. Louis, Missouri 63124.

2. Defendant Syzygy Global, Inc. ("**Defendant**") is a Florida Profit Corporation with its principal place of business at 161 Commerce Road, Suite 1, Boynton Beach, Florida 33426.

## JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interests and costs, exceeds $75,500.00.

4. Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391

because the substantial part of the events giving rise to the claim were located in this district.

## STATEMENT OF FACTS

5. On or about September 17, 2019, Defendant presented to Plaintiff a Commercial Proposal (the "**Agreement**"), in which Defendant offered to provide certain design and installation services for Plaintiff (the "**Services**"), and to provide certain materials and products for Plaintiff (the "**Materials**"), as more fully described in the Agreement and herein. A copy of the Agreement is attached as **EXHIBIT A** ("**Ex. A**") and incorporated by reference.

6. On or about October 4, 2019, Plaintiff accepted and executed the Agreement. Ex. A, p. 14.

7. Pursuant to the Agreement, Defendant agreed to provide and install a louvered roof system in conjunction with a construction project on Plaintiff's property (the "**Project**"). Ex. A, p. 4.

8. The Project was intended to construct an outdoor dining area.

9. Plaintiff intended to use the outdoor dining area to seat and serve patrons during and after the time when indoor dining was limited and/or forbidden because of public health orders relating to a pandemic.

10. Pursuant to the Agreement, Defendant agreed to provide site surveys to Plaintiff's Project Manager (as defined in the Agreement). *Id*.

11. The Agreement provided 180-days for the provision of Materials. Ex. A, pg. 5.

12. Pursuant to the Agreement, and upon execution of the Agreement, Plaintiff paid to Defendant a $132,000 deposit, which represented 50% of the total Agreement price charged by Defendant for the Materials and Services to be provided. Ex. A, p. 9.

13. The scheduled start of installation of the Materials was May 1, 2020.

14. Defendant did not commence installing the Materials on May 1, 2020.

15. The Agreement also required Defendant to provide structural details of the Materials to Plaintiff. Ex. A, p. 4.

16. Defendant did not timely provide the required structural details to Plaintiff.

17. Defendant's failure to timely provide the structural details caused the Project to be delayed.

18. From approximately March 2020 to the present, Plaintiff and its agents have communicated with Defendant on numerous occasions regarding Defendant's failure to provide Materials and Services to Plaintiff as required under the Agreement.

19. Defendant continued to give assurance that it would fulfill its promises under the Agreement as late as September 14, 2020.

20. Despite Plaintiff's performance of its obligations under the Agreement, Defendant has failed and refused to provide any Materials or to perform any Services.

21. Due to Defendant's failure to provide the Materials and Services, Plaintiff had to retain another contractor to provide the Materials and the Services for the Project that it had already paid Defendant to provide.

22. The cost of the subsequent vendor's services exceeds the amount that Plaintiff would still owe Defendant under the Agreement, if Defendant had performed under the Agreement.

23. Because of Defendant's failure to provide the Materials and Services, the Project has not been completed.

24. If the Project had been completed without delay in Defendant's performance under the Agreement, Plaintiff would have been able to seat patrons at the outdoor dining facility

during times when indoor dining was limited or forbidden by public health orders.

25. Because the Project was not timely completed, Plaintiff was unable to seat patrons at the outdoor facility.

26. If Plaintiff had been able to seat patrons at the outdoor dining facility, Plaintiff would have realized additional revenue.

27. Due to the delay in completing the Project, Plaintiff lost revenue it otherwise would have realized from seating patrons outside.

**COUNT I**
**BREACH OF CONTRACT**

28. Plaintiff incorporates Paragraphs 1-27 of the Complaint herein by reference.

29. Pursuant to the Agreement, Plaintiff agreed to pay Defendant to provide Materials and to perform Services.

30. Plaintiff performed its payment obligations and complied with all requirements of the Agreement.

31. Despite repeated demands by Plaintiff for the provision of the Materials and the performance of the Services, Defendant has failed and refused to provide the Materials or to perform the Services owed to Plaintiff, in breach of Defendant's obligations under the Agreement.

32. As a result of Defendant's failure to perform in accordance with the Agreement, Plaintiff has suffered damages, including, but not limited to, the deposit paid by Plaintiff to Defendant, which Defendant has refused to return, and further damages as a result of the Project's delay.

33. Plaintiff has been further damaged due to the lost revenue that Plaintiff otherwise would have realized from the Project absent Defendant's delay in providing the Services and the

Materials, which deprived Plaintiff of the opportunity to earn income by providing an outside dining venue for its members during a pandemic.

34. Plaintiff has been further damaged due to the cost of cover in having to retain another contractor for the Project to do what Defendant had promised to do in the Agreement.

35. Pursuant to the terms of the Agreement, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff St. Louis Country Club respectfully prays for a judgment in its favor against Defendant Syzygy Global, Inc. in an amount greater than $75,0000.00, for its attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

36. Plaintiff incorporates Paragraphs 1-35 of the Complaint herein by reference.

37. As required by the Agreement, upon execution, Plaintiff paid Defendant a $132,000 deposit, which represented 50% of the total Agreement price charged by Defendant for the Materials and Services to be provided.

38. To date, Defendant has failed and refused to provide the Materials or to perform the Services required under the Agreement.

39. In retaining the deposit paid by Plaintiff without provision of the Materials and performance of the Services, Defendant was unjustly enriched and retained benefits at the expense of Plaintiff.

40. It would be unjust and inequitable for Defendant to retain the deposit without providing the Materials and performing the Services owed to Plaintiff.

41. Defendant acted in bad faith by retaining the deposit without having provided the Materials or the Services, and while giving false assurances that it would perform.

42. Defendant has been unjustly enriched by the amount of the deposit paid by Plaintiff.

WHEREFORE, Plaintiff St. Louis Country Club respectfully prays for a judgment in its favor against Defendant Syzygy Global, Inc. in the amount of $132,000.00, for its attorneys' fees and costs, and for such other relief as this Court deems just and proper.

DATED: January 28, 2021                           Respectfully submitted,

By: /s/ *Matthew S. Shorey*
    Matthew S. Shorey                47861(MO)
    F. Scott Galt                          56548(MO)
    Armstrong Teasdale LLP
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    Telephone:  314.621.5070
    Fax:  314.621.5065
    mshorey@atllp.com
    sgalt@atllp.com

    ATTORNEYS FOR PLAINTIFF
    ST. LOUIS COUNTRY CLUB